IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:20-cv-00461 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PHILIP J. JOHNSON and | ) |
| PATRICIA H. JOHNSON, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities owed by Philip J. Johnson, and (2) seek an order requiring Philip J. and Patricia H. Johnson to sever their tenancy by the entirety interest in a certain parcel of real property located in Leo, Indiana, and to accept an interest in this property as joint tenants without the right of survivorship. For its complaint, the United States alleges as follows:

**Jurisdiction and Parties**

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant Philip J. Johnson resides in Allen County, Indiana, within the jurisdiction of this Court.

3. The defendant Patricia H. Johnson resides in Allen County, Indiana, within the jurisdiction of this Court.

1

**Philip J. Johnson's Noncompliance with His Federal Income Tax Obligations**

4.      During the time period from at least 2001 through 2016, Philip J. Johnson operated a medical practice.  Philip J. Johnson did not make any federal employment tax withholdings on the income he received through his medical practice during this period.

5.      Philip J. Johnson earned over $3.3 million in taxable income during the period 2003 through 2012.

6.      Philip J. Johnson is an individual subject to federal income tax obligations under the Internal Revenue Code, including the duties to timely file Form 1040, U.S. Individual Income Tax Returns for each tax year, and to pay individual federal income taxes as they come due.

7.      Since as early as 2001, the Internal Revenue Service ("IRS") has attempted to bring Philip J. Johnson into compliance with his income tax obligations and to collect past-due income taxes from Mr. Johnson, including by:

   a. Speaking with Philip J. Johnson about his income tax obligations on numerous occasions.

   b. Recording Notices of Federal Tax Liens against Philip J. Johnson between 2011 and 2020.

   c. Levying on Philip J. Johnson's bank accounts, brokerage accounts, and retirement accounts.

   d. Seizing other assets in Philip J. Johnson's possession, including a private aircraft and commercial office space.

8.      For fourteen (14) consecutive tax years from 2003 through 2016, Philip J. Johnson failed to comply with his federal income tax obligations.

9. For the 2003 through 2006 income tax years, Philip J. Johnson did not voluntarily file federal income tax returns.

10. For the 2007 through 2012 income tax years, Philip J. Johnson voluntarily filed federal income tax returns, but made no voluntary payments toward any of the outstanding liabilities for these years, with the exception of one payment toward the 2012 tax year.

11. For the 2013 through 2016 income tax years, Philip J. Johnson did not voluntarily file federal income tax returns.

12. Philip J. Johnson's noncompliance with the federal income tax laws has resulted in his owing the United States, as of December 2, 2020, more than $2.7 million for federal income taxes and related penalties and interest, plus such additional amounts that continue to accrue as provided by law.

**Claim against Philip J. Johnson to Reduce Income Tax Liabilities to Judgment**

13. A delegate of the Secretary of the Treasury made assessments against Philip J. Johnson for income taxes for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of December 2, 2020, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 or penalties for failure to make estimate tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due as of 12/02/2020 |
|---|---|---|---|---|
| 12/31/2003 | 12/13/2010 | Tax | $143,124.00 | $264,974.93 |
| 12/31/2004 | 12/13/2010 | Tax | $109,820.00 | $319,585.34 |
| 12/31/2005 | 12/13/2010 | Tax | $103,042.00 | $285,239.67 |
| 12/31/2006 | 12/13/2010 | Tax | $180,052.00 | $468,155.02 |
| 12/31/2007 | 11/25/2013 | Tax | $122,545.13 | $284,855.80 |
| 12/31/2008 | 12/02/2013 | Tax | $122,395.24 | $277,348.68 |

3

| 12/31/2009 | 12/02/2013 | Tax | $116,710.00 | $254,597.59 |
| 12/31/2010 | 12/02/2013 | Tax | $129,287.00 | $270,480.87 |
| 12/31/2011 | 12/02/2013 | Tax | $102,833.00 | $206,746.52 |
| 12/31/2012 | 11/18/2013 | Tax | $94,370.00 | $145,455.36 |
| **Total** | | | | **$2,777,439.78** |

14. Notice of the liabilities described in paragraph 13 was given to, and payment demanded from, Philip J. Johnson.

15. Despite proper notice and demand, Philip J. Johnson failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, he remains liable to the United States in the amount of $2,777,439.78, plus statutory additions and interest accruing from and after December 2, 2020.

**Claim against Philip J. and Patricia H. Johnson for an Injunction Order**

16. The United States incorporates by reference paragraphs 1 through 15, as if specifically alleged herein.

17. Philip J. and Patricia H. Johnson acquired title to a parcel of real property located in Leo, Indiana commonly known as 7116 Hosler Road, Leo, IN 46765 (the "Property") as tenants by the entirety by corporate warranty deed dated June 26, 2007, and recorded on July 25, 2007 in the land records of the Allen County, Indiana, Recorder as Document No. 2007041863. The Property is more particularly described as follows:

> A TRACT OF LAND IN THIS SOUTHWEST ¼ OF SECTION 17 TOWNSHIP 32 NORTH, RANGE 13 EAST, IN ALLEN COUNTY, INDIANA, MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> BEGINNING AT A POINT ON THE WEST LINE OF THE SOUTHWEST ¼ OF SAID SECTION 17; SAID POINT BEING SITUATED 1007.05 FEET SOUTH 1 DEGREE 10 MINUTES WEST OF THE WEST ¼ CORNER OF SAID SECTION 17; THENCE NORTH 89 DEGREES 21 MINUTES EAST, A

4

DISTANCE OF 194.4 FEET TO THE CENTERLINE OF THE HOSLER ROAD, AS NOW ESTABLISHED: THENCE SOUTH 34 DEGREES 30 MINUTES EAST ALONG THE CENTERLINE OF THE HOSLER ROAD, AS NOW ESTABLISHED A DISTANCE OF 758.22 FEET; THENCE SOUTH 89 DEGREES 21 MINUTES WEST, A DISTANCE OF 636.7 FEET TO A POINT ON THE WEST LINE OF THE SOUTHWEST ¼; THENCE NORTH 1 DEGREE 10 MINUTES EAST ALONG THE WEST LINE OF THE SOUTHWEST ¼ OF SAID SECTION 17, A DISTANCE OF 630.0 FEET TO THE POINT OF THE BEGINNING. TOGETHER WITH AN EASEMENT OVER, ACROSS, THROUGH AND UNDER THE FOLLOWING DESCRIBED REAL ESTATE:

A 15.0 FOOT SEWER EASEMENT AS PROVIDED FOR THE ABOVE DESCRIBED REAL ESTATE, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE WEST ¼ CORNER OF SECTION 17, TOWNSHIP 32 NORTH, RANGE 13 EAST; ALLEN COUNTY, INDIANA; THENCE SOUTH 1 DEGREE 10 MINUTES ALONG THE WEST LINE OF THE SOUTHWEST ¼ OF SAID SECTION 17, A DISTANCE OF 1007.05 FEET; THENCE NORTH 89 DEGREES 21 MINUTES EAST, 194.4 FEET TO A POINT ON THE CENTERLINE OF HOSLER ROAD; THENCE SOUTH 34 DEGREES 30 MINUTES EAST ALONG THE CENTERLINE OF HOSLER ROAD 726.92 FEET TO THE POINT OF BEGINNING OF THE CENTERLINE OF SAID 15.0 FOOT SEWER EASEMENT, SAID EASEMENT IS 7.5 FEET ON EITHER SIDE OF THE FOLLOWING DESCRIBED CENTERLINE THENCE NORTH 87 DEGREES 53 MINUTES EAST 7090.1 FEET TO THE WEST LINE OF THE SOUTHEAST ¼ OF THE SOUTHWEST ¼ OF SAID SECTION 17.

EXCEPTING,

A PARCEL OF LAND SITUATED IN THE SOUTHWEST QUARTER OF SECTION 17, TOWNSHIP 32 NORTH, RANGE 13 EAST, ALLEN COUNTY, INDIANA AND MORE PARTICULARLY DESCRIBED AS FOLLOWS, COMMENCING AT A RAILROAD SPIKE FOUND AND ACCEPTED AS THE WEST QUARTER CORNER OF SAID SECTION 17, TOWNSHIP 32 NORTH, RANGE 13 EAST; THENCE RUN SOUTH 01 DEGREES 10 MINUTES 17 SECONDS WEST, ALONG THE WESTERLY LINE OF SAID

>   SOUTHWEST QUARTER, 1015.75 FEET TO A TWO FOOT LONG, 5/8 DIAMETER STEEL REBAR WITH A PLASTIC CAP STAMPED TAZIAN ASSOC., FIRM #0020" SET AT THE POINT OF BEGINNING; THENCE NORTH 89 DEGREES 20 MINUTES 48 SECONDS EAST, 194.36 FEET TO A P.K. NAIL FOUND ON THE CENTERLINE OF HOSLER ROAD; THENCE SOUTH 34 DEGREES 30 MINUTES 00 SECONDS EAST, ALONG SAID CENTERLINE 272.80 FEET TO A SET 2-INCH MAG NAIL WITH A METAL DISK STAMPED "TAZIAN ASSOC., FIRM NO. 0020"; THENCE SOUTH 44 DEGREEES 07 MINUTES 15 SECONDS WEST, 196.58 FEET [SIC] A SET TWO FOOT LONG, 5/8-INCH DIAMETER STEEL REBAR WITH PLASTIC CAP STAMPED "TAZIAN ASSOC., FIRM #0020" SET ON THE AFORESAID WESTERLY LINE OF SOUTHWEST QUARTER; THENCE NORTH 01 DEGREES 10 MINUTES 17 SECONDS EAST, ALONG SAID WESTERLY LINE, 302.01 FEET TO THE POINT OF BEGINNING, CONTAINING 2.18 ACRES, MORE OR LESS AND BEING SUBJECT TO AND/OR TOGETHER WITH EASEMENTS AND RIGHTS OF WAY OF RECORD.
>
>   COMMONLY KNOWN AS 7116 HOSLER ROAD, LEO, IN 46765.

18. Philip J. and Patricia H. Johnson presently hold the Property as tenants by the entirety.

19. Patricia H. Johnson is Philip J. Johnson's spouse.

20. On information and belief, Philip J. and Patricia H. Johnson have resided in the Property since they acquired it in 2007 until the present.

21. Philip J. Johnson's filing status was married filing separately during the years in which he voluntarily filed federal income tax returns (2007 through 2012).

22. Patricia H. Johnson did not file a separate federal income tax return from at least tax years 2011 through 2016.

23. On information and belief, Patricia H. Johnson did not have sufficient independent income to trigger federal income tax return filing requirements during these years.

24.     Both Philip J. and Patricia H. Johnson received an unfair financial benefit from Philip J. Johnson's untaxed income during the fourteen (14) year period in which he did not voluntarily file federal income tax returns or make payments toward his federal income tax liabilities.

25.     Because Philip J. Johnson neglected, refused, or failed to pay the liabilities described in paragraph 13 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to the Property.

26.     An injunction against Philip J. and Patricia H. Johnson requiring them to sever their interest in the Property as tenants by the entirety and take title to the Property as joint tenants without the right of survivorship is necessary and appropriate for several reasons, including:

   a. The IRS's administrative collection methods have not convinced Philip J. Johnson to comply with his federal income tax obligations.

   b. Philip J. Johnson's federal income tax liabilities continue to accrue, and previous collection efforts have only resulted in minimal payments toward his liabilities in excess of $2.7 million.

   c. The Property is one of the few remaining assets that Philip J. Johnson holds an interest in that can be used to collect on his substantial income tax liabilities.

   d. An injunction of this nature will not injure Philip J. and Patricia H. Johnson, as it will allow them to continue to reside in the Property, and it will protect the United States' interest in the Property to the extent of Philip J. Johnson's federal income tax liabilities until such time that it chooses to enforce its federal tax liens against the Property.

  e. In absence of an injunction, and in view of the characteristics of Philip J. and Patricia H. Johnson's tenancy by entirety interest in the Property, the United States' interest in the Property may be extinguished prior to the time it chooses to enforce its federal tax liens and, therefore, frustrate the possibility of collecting anything toward Philip J. Johnson's income tax liabilities.

WHEREFORE, the plaintiff United States of America requests the following relief:

A. Judgment against the defendant Philip J. Johnson for income tax liabilities for the periods ending December 31, 2003, December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007, December 31, 2008, December 31, 2009, December 31, 2010, December 31, 2011, and December 31, 2012, in the amount of $2,777,439.78, plus statutory additions and interest accruing from and after December 2, 2020, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. Find that Philip J. and Patricia H. Johnson have engaged in and are engaging in conduct that interferes with the enforcement of the internal revenue laws;

C. Find that injunctive relief, under 26 U.S.C. § 7402(a) and the Court's inherent equity powers, is necessary and appropriate to prevent Philip J. and Patricia H. Johnson from interfering with the enforcement of the internal revenue laws;

D. Enter an injunction, pursuant to 26 U.S.C. § 7402(a) and the Court's inherent equity powers, ordering that:

  1. Philip J. and Patricia H. Johnson shall disclaim their tenancy by the entirety interest in the Property.

  2. Philip J. and Patricia H. Johnson shall cause title to the Property to be issued to themselves as joint tenants without the right of survivorship.

3. Philip J. and Patricia H. Johnson shall cause the instrument conveying title to the Property to themselves as joint tenants without the right of survivorship to be recorded with the Allen County, Indiana Recorder.

4. Philip J. and Patricia H. Johnson shall provide undersigned counsel for the United States a copy of the recorded instrument within two (2) weeks of its recording.

5. Philip J. Johnson is enjoined from transferring, assigning, or otherwise disposing of his interest in the Property except for the benefit of creditors in the order of their lawful priority, and that Philip J. Johnson shall give notice to the IRS of any transfers, assignments, or other dispositions of the Property made after the date the injunction is ordered.

E. The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Samuel P. Jones*
SAMUEL P. JONES
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-616-9085 (v)
202-514-5238 (f)
Samuel.P.Jones@usdoj.gov

Of Counsel:

THOMAS L. KIRSCH II
United States Attorney
Northern District of Indiana

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Philip J. Johnson and Patricia H. Johnson

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Allen County, Indiana
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Samuel P. Jones, U.S. Department of Justice, Tax Division; P.O. Box 55, Ben Franklin Station, Washington, D.C. 20044; (202) 616-9085

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
|  | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending |  | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
|  |  | ☐ 790 Other Labor Litigation |  | ☐ 893 Environmental Matters |
|  |  |  |  | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7401

Brief description of cause:
Suit to reduce federal income tax liabilities to judgment and for an injunction order.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 2,777,439.78

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: 
DOCKET NUMBER: 

DATE: 12/11/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Samuel P. Jones

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

| | ) |
|---|---|
| United States of America | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 1:20-cv-00461 |
| Philip J. Johnson, and | ) |
| Patricia H. Johnson | ) |
| *Defendant(s)* | ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Philip J. Johnson
7116 Hosler Road
Leo, Indiana 46765

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Samuel P. Jones
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____  _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:20-cv-00461

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

| United States of America | ) |
| :---: | :---: |
| *Plaintiff(s)* | ) ) ) ) ) |
| v. | ) Civil Action No. 1:20-cv-00461 |
| Philip J. Johnson, and Patricia H. Johnson | ) ) ) ) ) |
| *Defendant(s)* | ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Patricia H. Johnson
7116 Hosler Road
Leo, Indiana 46765

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Samuel P. Jones
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:20-cv-00461

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: